IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01400-MSK-MEH

CLYTIE L. DANIEL,

    Plaintiff,

v.

DUETCH BANK NATIONAL TRUST COMPANY,
Administrators, devisees, trustees, Creditors, successors and assigns of any defendant that are or were partners or in partnership; the unknown guardians, conservators and trustees of any defendants that are minor or are under any legal disability; and the trustees, creditors and assigns of any person alleged to be deceased and all other persons or parties who are or may be concerned, and
HENRY J. PAULSON, US SEC TRES, and
ALBERTO GONZALES, U.S. ATTY. GEN. ALIEN PROPERTY CUSTODIAN,

    Defendants.

## OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING CASE

**THIS MATTER** comes before the Court pursuant to Defendant Duetch Bank National Trust Co.'s ("Duetch Bank") Motion to Dismiss (**# 7**), to which no response has been filed.

The Plaintiff's *pro se* Complaint (**# 1**) (titled "Verified Petition to Cancel Note and Deed of Trust for Fraud, Usury, Material Misrepresentation, Fraud in the Inducement, Fraud in the Factum, Lack of Adequate Consideration, Claim in Recoupment, and Quiet Title Against All Known Defendants") is difficult to comprehend. It is filled with archaic, non-existent, or patently irrelevant legal jargon, invoking admiralty jurisdiction, the Uniform Commercial Code, and "negotiable instrument law," among other things. Construed liberally, the Complaint appears to

1

concern a dispute over a parcel of real property, but its actual text is an apparent Frankenstein's Monster of assertions and language culled from various form books and pleadings in other cases. For example, the Complaint refers at one point to the "property in question" as being a parcel in Morrison, Colorado, *Docket* # 1, ¶ 23; at another point as being a parcel in North Las Vegas, Nevada, *id.*, ¶ 43; and at other times, references matters recorded in Monmouth County, New Jersey and seeks punitive damages for matters being "repugnant to the people of Harvey County and the State of Kansas." Defendant Duetch Bank is not referenced in the Complaint in any way; the Complaint references a mortgage given to American Home Mortgages Acceptance, Inc., the servicing of that mortgage by America's Servicing Company, and the involvement of Fidelity National Title Agency of Nevada, among others, but nothing in the Complaint indicates the nature or extent of alleged actions taken by Duetch Bank.

Duetch Bank moves to dismiss **(# 8)** the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A *pro se* plaintiff is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). In other words, if the Court if can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, her confusion of various legal theories, her poor syntax and sentence construction, or her unfamiliarity with pleading requirements. *Hall*, 935 F.2d at 1110. However, the requirement that the Court read the plaintiff's pleadings broadly does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

Turning first to Duetch Bank's contention that the Court lacks subject-matter jurisdiction over this action, motions to dismiss under Fed. R. Civ. P. 12(b)(1) can take one of two forms: (1)

a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *citing Holt v. United States,* 46 F.3d 1000, 1002-03 (10th Cir.1995). Where a Rule 12(b)(1) motion challenges the underlying facts of the case, the Court may not presume the truthfulness of the complaint's factual allegations; rather, the Court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Sizova v. National Institute of Standards and Technology*, 282 F.3d 1320,1324 (10th Cir. 2002). The party asserting the existence of subject matter jurisdiction– in this case, the Plaintiff– bears the burden of proving such jurisdiction exists. *Montoya v. Chao*, 269 F.3d 952, 955 (10th Cir. 2002).

The Compliant invokes several bases of alleged subject-matter jurisdiction. First, the caption of the case, and several references in the initial paragraphs appear to be an attempt to invoke the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333. Obviously, such jurisdiction arises only as to matters involving damages or injuries caused by vessels in navigable waters, and is completely inappropriate here. *Jerome B. Grubart, Inc. v. Great Lakes Dredge and Dock Co.*, 513 U.S. 527, 531-32 (1995). Next, the Plaintiff attempts to invoke federal question jurisdiction under 28 U.S.C. § 1331. She states that "the question the court is being asked to decide is" whether promissory notes and mortgages are "subject to contract, negotiable interest, and trust law review." The Plaintiffs claims, to the extent they are comprehensible, sound in fraud. These are matters arising under state law, and the Plaintiff points to no federal law under which these claims arise. Thus, jurisdiction under 28 U.S.C. § 1331 is not available.

Although not expressly pled as such, the Plaintiff may also be attempting to assert diversity jurisdiction under 28 U.S.C. § 1332. The Plaintiff alleges that she is domiciled in Minnesota and that she is "diverse from all other Defendants," but she does not assert facts regarding the citizenship of Defendant Duetch Bank. Conclusory assertions of a Defendant's citizenship are insufficient to carry the Plaintiff's burden of pleading sufficient <u>facts</u> to demonstrate the existence of subject-matter jurisdiction. *See generally Kitchen v. Burlington Northern and Santa Fe RR Co.*, 298 F.Supp.2d 1193, 1206 (D. Kan. 2004). Moreover, the Court notes that the Plaintiff has not adequately pled that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although the Plaintiff makes a passing comment that she "was/is injured in the amount of USD $1,346,000," her prayer for relief appears to request cancellation of a note whose value is unstated, along with $38,000 in compensatory damages and an unspecified amount of punitive damages. This is insufficient to adequately allege the amount in controversy. *Adams v. Reliance Standard Life Ins.*, 225 F.3d 1179, 1182 (10th Cir. 2000) ("An open-ended prayer for recovery" is insufficient to establish the requisite amount in controversy).

Accordingly, the Court finds that the Plaintiff has failed to carry her burden of demonstrating the existence of federal subject-matter jurisdiction in this action.[1] Duetch Bank's Motion to Dismiss **(# 7)** is **GRANTED**, and the Complaint is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk of the Court shall close this case.

Dated this 27th day of February, 2008

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[1] Arguably, the Plaintiff has named two officials of the United States Government as Defendants (actually as "Third Party Respondents/Libelees"). Theoretically, a set of facts might exist in which the Plaintiff could invoke federal jurisdiction pursuant to 28 U.S.C. § 1346 (United States as defendant). However, the named federal officials are not referenced in any way in the Complaint, nor is there any indication as to how the claims against them – if any – would support the exercise of subject-matter jurisdiction over Duetch Bank. To the extent such a finding is necessary, the Court would find that these officials are improperly joined solely to invoke federal jurisdiction. 28 U.S.C. § 1359.